09-CV-05050-CMP

FILED _____ LODGED
_____ RECEIVED
JAN 2 9 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF WASHINGTON

DAVID LYNCH, a single man.

Plaintiff,

SERGEANT AARON JELCICK, individually and in his capacity as POLICE OFFICER with the OLYMPIA POLICE DEPARTMENT; JANE JOE JELCICK and the marital community thereof; OFFICER MIKE HOVDA, individually and in his capacity as POLICE OFFICER with the OLYMPIA POLICE DEPARTMENT; JANE DOE HOVDA and the marital community thereof; OFFICER AMY KING, individually and in her capacity as POLICE OFFICER with the OLYMPIA POLICE DEPARTMENT; JOHN DOE KING and the marital community thereof; OFFICER ROBERT BECKWELL, individually and in his capacity as POLICE OFFICER with the OLYMPIA POLICE DEPARTMENT; JANE DOE BECKWELL and the marital community thereof; OFFICER JIM PARTIN, individually and in his capacity as POLICE OFFICER with the OLYMPIA POLICE DEPARTMENT; JANE DOE PARTIN and the marital community thereof;
And the CITY OF OLYMPIA,
Defendants.

C09 5050 RBL

COMPLAINT FOR DAMAGES

COMPLAINT FOR DAMAGES - 1

ORIGINAL

THE LAW OFFICE OF CHARLES W. LANE, IV
1800 COOPER POINT RD SW #3
OLYMPIA, WA   98502
(360) 352-8887, (360) 956-3391 FAX

# COMPLAINT

## INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the 4th and 14th Amendments to the United States Constitution, for and under the common law of the State of Washington for causes of action of negligence, false arrest, and unlawful imprisonment against Sergeant Aaron Jelcick, Officers Mike Hovda, Robert Beckwell, Jim Partin, Detective Amy King, the City of Olympia, and Thurston County under the laws of the State of Washington, against Sergeant Aaron Jelcick, Officer Mike Hovda, Officer Jim Partin, Officer Robert Beckwell, and Detective Amy King, police officers of the City of Olympia, in their individual capacities and as representatives of the City of Olympia.

## I. JURISDICTION

1.1 This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code § 1131, 1332, and 1343, and venue is properly set in the Western District of Washington State pursuant to 28 U.S.C. § 1391.

1.2 The claims upon which this action is based occurred in the Western District of Washington State.

1.3 Plaintiff is informed and believes, and on this basis alleges, that each of the named Defendants reside in this judicial district.

## II. PARTIES

2.1 David Lynch was at all material times a resident of the City of Olympia and of full age.

2.2 Defendant officers were at all times relevant to this complaint dully appointed and acting officers of the police department of the City of Olympia, acting under color of law, to

THE LAW OFFICE OF CHARLES W. LANE, IV
1800 COOPER POINT RD SW #3
OLYMPIA, WA 98502
(360) 352-8887, (360) 956-3391 FAX

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City of Olympia and the State of Washington.

2.3 The City of Olympia, Washington, is a municipal corporation and the public employer of the said officers.

## III. FACTS

3.1 On February 5, 2007, Olympia officer Kim Seig responded to 1831 Eastwood Place, S.E, in Olympia, WA to reports that an unknown male suspect had entered the residence and raped an eleven year old girl. Upon arrival at the scene, Officer Seig spoke with the victim who provided a description of the attacker which included dark short hair, possible blue shirt or jacket, light brown sweat pants, light brown skin, a thin mustache and goatee, about 5'7 and of slight build with round glasses with white frames. The suspect also carried a knife that was approximately 4" in length.

3.2 Officer Kim Seig called for other officers to arrive, secure the scene and follow up with the investigation. One of the officers included Detective Amy King. Upon Detective Kings arrival at the scene, she also interviewed the victim. Again the victim provided a description of her attacker which included short hair, like her brother Ricky, black and flat, his skin was light brownish, that he wore glasses, whose lenses were circular with white frames, that the clothes that her attacker wore were light brown sweat pants, like her brothers, that he had thin lips, and was medium in build, and an inch taller than her mom, which would be approximately 5'6", wearing a light blue jacket or pullover with no zipper, and a t-shirt undershirt underneath and was aged approximately 18-20 years old. The attacker did not wear a mask. She turned on the light and was able to get a

good look at her attacker. She later drew a sketch of her own which she provided the police which did not look like Mr. Lynch and looked very similar to the person convicted of the crime, Peter Inuye.

3.3 The following evening, Officer Mike Hovda of the Olympia Police Department was driving north on McCormick Street, and saw a male subject sitting on the East side of a church. That person was Mr. David Lynch. Mr. Lynch appeared to look at the officer as he drove by. Officer Hovda drove up to Mr. Lynch and made contact with him. Mr. Lynch remained seated against the church wall. Mr. Lynch was writing in his journal at the time in a well lighted parking lot, so that he could see to be able to write. Officer Hovda noted that he had a notebook on his lap, and appeared to be writing in said notebook. Officer Hovda contacted him and asked what he was doing, and Mr. Lynch did not initially respond. Officer Hovda called for a back up unit.

3.4 Mr. Lynch was dressed in dark green pants, a tan sweater and a dark green collared shirt; he had shoulder length brown hair and pale skin. He did not match the description given by the victim.

3.5 Officer Robert Beckwell, Officer Jim Partin, and Sergeant Aaron Jelcick responded and arrived at the scene. Sergeant Aaron Jelcick was the officer in charge of this district on this night. Officer Hovda in the presence of the other officers asked Mr. Lynch who he was, and Mr. Lynch responded by providing his name. Officer Hovda told him that he would like to search him to make sure he didn't have any weapons, and Mr. Lynch stood up and complied. Officer Hovda asked him if he felt bad about something he might have done, making reference to the rape that had occurred the night before. Officer Hovda

asked him specifically if he had entered a house last night and David replied, "I did not break into any house last night. I did not hurt anyone."

3.6 Officer Hovda then told Mr. Lynch that he may have been looking for food and something else may have happened, and again Mr. Lynch responded that he did not break into a house the night before.

3.7 Sergeant Jelcick appeared to take control and also questioned Mr. Lynch, and explained to Mr. Lynch that physical evidence collected at the scene would tell them who committed the crime. He told Mr. Lynch that there was no hiding the evidence that Detectives removed from the scene and that the evidence would reveal the suspects identity.

3.8 Sergeant Jelcick explained to Mr. Lynch that the only piece of the puzzle that was missing, was the "why" factor, which was why the person committed the crime.

3.9 Sergeant Jelcick told Mr. Lynch, "We know you did it Mr. Lynch; just tell us why". At no time during this conversation was Mr. Lynch advised of his rights. During this time period, Mr. Lynch could hear radio traffic which included information about the rape. Mr. Lynch believed based on the officers questioning and due to the officers show of force by at least four officers being present at the scene and him being questioned by all of them about a rape, he did not feel that he was free to leave. Mr. Lynch was very frightened as the officers were aggressively questioning him looking and acting authoritatively. By the nature of the questioning, Mr. Lynch knew the officers thought he had committed a crime. Mr. Lynch immediately asked for an attorney.

3.10    Officers then told Mr. Lynch that he was going with them for questioning. Mr. Lynch believed he was under arrest at that time. He did not feel that he had any choice

COMPLAINT FOR DAMAGES - 5

THE LAW OFFICE OF CHARLES W. LANE, IV
1800 COOPER POINT RD SW #3
OLYMPIA, WA  98502
(360) 352-8887, (360) 956-3391 FAX

but to go with the officers. All officers were dressed in uniforms with guns and other law enforcement paraphernalia displayed on their belts and as such displayed a show of authority.

3.11    While at the location of the church, Sergeant Jelcick searched his back pack and started reading from his notebook. Sergeant Jelcick also told Mr. Lynch that everybody had skeletons that they were ashamed and it was those people who stood accountable for their actions that would ultimately gain the respect of others. Sergeant Jelcick was using questioning techniques that were taught to him and which he was displaying for other officers of the scene.

3.12    Upon arrival at the Olympia Police Department, Mr. Lynch's belongings as well as himself were thoroughly searched and he was questioned.

3.13    According to the press release issued by Olympia Police Department Commander Tor Bjornstad on February 6, 2007, indicated "this morning at about 12:15, an Olympia Police Officer patrolling the area of yesterday's rape contacted a suspicious subject about 2 blocks from the victim's residence. The subject matched the description of the rapist. The officer and his Sgt. interviewed the suspect while he voluntarily accompanied them to the Detective's office. After additional conversation with the subject, probable cause was developed to place the individual under arrest." Probable cause for Mr. Lynch's arrest according to the Olympia Police Department was not developed until after they brought him to the station and questioned him, and searched him. A photographic montage was done with the victim, but she did not identify Mr. Lynch.

3.14    Mr. Lynch was subsequently charged with several felonies including Burglary in the first degree, Assault of a child in the second degree, and Rape of a child in the first

COMPLAINT FOR DAMAGES - 6

THE LAW OFFICE OF CHARLES W. LANE, IV
1800 COOPER POINT RD SW #3
OLYMPIA, WA  98502
(360) 352-8887, (360) 956-3391 FAX

degree (x3). During Mr. Lynch's incarceration for crimes he did not commit, he suffered a psychological break down which included him attempting to chew his wrists to the point of bleeding to death. He was subsequently sent to Western State Hospital and during this time period, developed a deep vein thrombosis and a pulmonary embolism which required further medical treatment at St. Claire Hospital in Lakewood, Washington. The medical issues suffered by Mr. Lynch were a direct consequence of his being arrested. Mr. Lynch continues to suffer psychologically and physically from the trauma he endured.

## IV. STATEMENT OF DAMAGES

As a direct and proximate result of the said acts of the defendant officers, the plaintiff David Lynch suffered the following injuries and damages:

4.1 A violation of his constitutional rights set forth in the 4th and 14th amendments to the United States Constitution to be free from an unreasonable search and seizure of his person; loss of physical liberty; physical pain and suffering and emotional trauma and suffering.

4.2 The actions of the defendant officers violated the following clearly established and well settled Constitutional rights of Mr. David Lynch; freedom from the unreasonable seizure of his person; freedom from the unreasonable search of his person.

## V. CAUSES OF ACTION

5.1 Count 1: 42 U.S.C. § 1983 against individual defendants. Paragraphs 1.1 through 4.2 are incorporated herein by references though fully set forth. Plaintiff Lynch claims damages for injuries set forth above under 42 U.S.C. § 1983 against individual Officers Havdo, Jelcick, King, Beckwell, and Sergeant Partins.

5.2 Count 2: False arrest and Illegal Imprisonment against individual defendants.

Paragraphs 1 through 4.2 are incorporated herein by reference as though fully set forth. Defendant Officers as previously named, illegally arrested and illegally imprisoned David Lynch. As a result of this false arrest and illegal imprisonment, the defendant suffered the damages as aforesaid.

5.3 Count 3: 42 U.S.C. § Section 1983 against the City of Olympia Paragraphs 1 through 4.2 are incorporated herein by reference as though fully set forth. Prior to February 6, 2007, the City of Olympia developed and maintained policies and customs exhibiting deliberate indifference to the constitutional right of persons in the City of Olympia which caused the violation of Mr. Lynch's rights.

It was a policy and/or custom of the city of Olympia to inadequately and improperly investigate citizen complaints of police misconduct and the acts of misconduct were instead tolerated by the City of Olympia including but not limited to the following incidents. It was the policy and/or custom of the City of Olympia to inadequately supervise and train the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. As a result of the above described policies and customs, police officers of the City of Olympia including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated. The above described policies and customs demonstrated a deliberate indifference on the part of the policy makers of the City of Olympia to the Constitutional rights of persons within the city, and were the cause of the violations of plaintiff's rights alleged herein.

## VI. JURY TRIAL DEMAND

6.1 Plaintiff Lynch demands a jury trial in this matter.

## VII. RESERVATION OF RIGHTS

7.1 Plaintiff Lynch reserves the right to amend this complaint as the factual allegations contained herein, and to add any and all other claims that have or may arise from the facts underlying this lawsuit.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lynch asks the court for the following relief:

8.1 To accept jurisdiction of his claims, and to grant his request for a jury trial of his peers.

8.2 To award compensatory damages to the plaintiff against the defendants, jointly and severally;

8.3 To award costs of this action to the plaintiff;

8.4 To award reasonable attorneys fees and costs to the plaintiff;

8.5 To award other such and further relief that this court may deem appropriate.

**DATED** this 28TH day of JANUARY, 2009.

By: _____
CHARLES W. LANE, IV WSBA #25022
Attorney for Plaintiff

COMPLAINT FOR DAMAGES - 9

THE LAW OFFICE OF CHARLES W. LANE, IV
1800 COOPER POINT RD SW #3
OLYMPIA, WA  98502
(360) 352-8887,  (360) 956-3391 FAX

## VERIFICATION

I, **DAVID LYNCH**, plaintiff above named, being duly sworn, say as follows:

I have read the foregoing complaint and know the contents thereof, and the same is true of my own knowledge.

DATED this 23rd day of January, 2009.

_____
DAVID LYNCH

COMPLAINT FOR DAMAGES - 10

THE LAW OFFICE OF CHARLES W. LANE, IV
1800 COOPER POINT RD SW #3
OLYMPIA, WA  98502
(360) 352-8887, (360) 956-3391 FAX